JONES, Justice Pro Tempore,
dissenting.
| , Although the Court did not reserve to the office of Disciplinary Counsel the right to institute lawyer disciplinary proceedings against respondent in King I, I find that the ODC had the discretion to do so. That is particularly true where, as here, a subsequent conviction of a felony, based on the same underlying conduct, follows removal of a judge.
*882 Clearly, the ODC moved against Respondent in the present manner due to the criminal conviction following removal. However, the district judge deferred imposition and execution of a sentence under C.Cr.P. Art. 893 and place respondent on inactive probation for six months; he, thereafter, set aside the conviction and expunged the record.
Accordingly, Respondent does not now stand convicted of any crime and may be considered to have no criminal record. In my view, the fact that imposition and execution of a sentence was deferred, a short inactive probationary period was imposed, and the record was expunged, should be considered as an additional strong mitigating factor, supporting a downward departure from the baseline sanction of disbarment.
On these facts, I find that a suspension of three years, retroactive to the date of Respondent’s interim suspension, June 26, 2007, is appropriate. Disbarment, in light of the aggravating and mitigating factors in this case, is unduly harsh and is not a result required by any prior decision of this Court.
Accordingly, I respectfully dissent.